**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark A. MAYNE, Defendant– Appellant.**

No. 10–14326
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 29, 2011.

Anne R. Schultz, Wifredo A. Ferrer, U.S. Attorney, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Mark A. Mayne, Phillipsburg, PA, pro se.

954

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Mark A. Mayne, a *pro se* federal prisoner, appeals the denial of his petition for a writ of *audita querela*, filed pursuant to the All Writs Act, 28 U.S.C. § 1651. After review, we affirm.[1]

■ Mayne's petition collaterally attacks his sentence in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because the relief Mayne seeks—the vacatur of his original sentence on constitutional grounds—is cognizable under 28 U.S.C. § 2255, the district court correctly denied his petition for a writ of *audita querela*. *See United States v. Holt*, 417 F.3d 1172, 1173–75 (11th Cir.2005).

■ Additionally, Mayne previously filed a § 2255 motion, which was denied, and Mayne did not obtain authorization from this Court to file a second § 2255 motion. Thus, the district court lacked jurisdiction to review Mayne's *pro se* petition as a second or successive § 2255 motion. *See id.* at 1175. Further, we would not have authorized a second or successive § 2255 motion because the constitutional rule announced in *Booker* does not apply retroactively on collateral review. *See In re Anderson*, 396 F.3d 1336, 1339–40 (11th Cir.2005).

**AFFIRMED.**

---

1. "We review *de novo* the question of whether a prisoner may challenge his sentence by filing a motion for a writ of *audita querela*."

*United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir.2005).